FILED
2024 Oct-07  AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

ELECTRONICALLY FILED
5/3/2023 7:56 PM
01-CV-2023-901479.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ANN MARIE FREEMAN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CV - |
| ) | |
| PARKING ENFORCEMENT ) | |
| SYSTEMS, INC.; 2ND AVE ) | |
| PARKING, LLC., a limited liability company ) | |
| DEFENDANT 1, the correct designation ) | |
| of the person or entity doing business ) | |
| as Parking Enforcement Systems, Inc.; ) | |
| DEFENDANT 2, the correct designation of the ) | |
| entity or entities, person or persons who owned, ) | |
| controlled or maintained the parking ) | |
| pay machine(s) involved in the incidents made ) | |
| the basis of this lawsuit; DEFENDANT 3, ) | |
| the proper designation of the entity doing ) | |
| business as 2nd Ave. Parking, LLC; ) | |
| DEFENDANTS 4, the correct designation of the ) | |
| person or entity hired, retained ) | |
| or that contracted with Parking ) | |
| Enforcement Systems, Inc. to provide ) | |
| towing services to the parking lot involved in ) | |
| the claims made the basis of this lawsuit, ) | |
| DEFENDANTS 5, being the correct designation ) | |
| of the person or entity sharing profits with or ) | |
| receiving compensation in any form based on ) | |
| the towing activity and/or income generated by ) | |
| Parking Enforcement Systems, Inc. ) | |
| ) | |
| DEFENDANTS. ) | |

### COMPLAINT

COMES NOW the Plaintiff, Ann Marie Freeman, in the above style cause and makes her complaint against Defendant Parking Enforcement Systems Inc, 2nd Avenue Parking, LLC, Parking Enforcement Systems, Inc., and fictitious party Defendants 1-4 as follows:

### PARTIES

1. Plaintiff, ANN MARIE FREEMAN. ("Freeman"), is an adult resident citizen of St. Clair

1

County, Alabama and is the owner of a 2020 Black Honda Accord 2D Sport ("vehicle") which was damaged by the reckless and negligent acts of the defendants as hereinafter described.

2. Defendant, PARKING ENFORCEMENT SYSTEMS, INC. ("PES") is an Alabama corporation with its principal place of business located in Birmingham, Alabama. Said defendant was at all times pertinent to the allegations of plaintiff's complaint doing business in Jefferson County Alabama.

3. The Defendant, 2ND AVE PARKING, LLC, ("2nd Ave Parking"), is an Alabama limited liability company that was, in all respects and at all times relevant herein, doing business in Jefferson County, Alabama.

4. The fictitious party defendants are otherwise unknown to the plaintiff at this time, or if their names are known to the plaintiff at this time, their identities as proper party defendants are not known to the plaintiff at this time but will be substituted by amendment when the aforesaid lacking knowledges is ascertained, are as follows:

(a) Defendant #1, whether singular or plural, being the correct designation of the person or entity doing business as Parking Enforcement Systems, Inc.

(b) Defendant #2, whether singular or plural, being the correct designation of the entity or entities, person or persons who owned or maintained the parking lot pay machine(s) involved in the incidents made the basis of this lawsuit;

(c) Defendant #3, whether singular or plural, being the proper designation of the entity doing business as 2nd Ave. Parking, LLC; and

(d) Defendant #4, whether singular or plural, being correct designation of the person or entity hired, retained or that contracted with Parking Enforcement Systems, Inc. to provide towing services to the parking lot involved in

2

the claims made the basis of this lawsuit.

(e)    Defendant 5, being the correct designation of the person or entity sharing profits with or receiving compensation in any form based on the towing activity and/or income generated by Parking Enforcement Systems, Inc.

## FACTUAL ALLEGATIONS

1. On or about December 23, 2021, plaintiff parked her just purchased Black 2020 Honda Accord 2D Sport vehicle in the lot located 2215 2nd Avenue North in downtown Birmingham, Alabama around 8:30 P.M.

2. Upon information and belief, Defendant 2nd Ave. Parking is the owner of the pay to park lot located at the corner of Second Ave North and Richard Arrington, Jr. Boulevard in Birmingham, Alabama ("the Lot").

3. Upon information and belief, Defendant 2nd Ave. Parking contracted with Defendant PES to service and operate the Lot.

4. Plaintiff attempted to pay at the pay kiosk located at the Lot but the kiosk malfunctioned.

5. There is a pattern and practice of the malfunctioning of the pay kiosks installed in this particular lot, and also various other public parking lots in the City of Birmingham that are serviced by PES. This includes the pay kiosk not being back lighted to be readable at night.

6. Although the pay kiosk was malfunctioning and customers could not pay for parking, the lot remained open to the public when it should have been closed for business.

7. Birmingham Ordinance §12-19-88 mandates that if a parking lot operated for profit is closed for business the owner shall barricade all entrances to and exits from the parking lot by means of a barrier gate, chain, or other durable barrier equipment.

8. Defendant PES is in the business of camping out in close proximity to parking lots with

3

whom they have an agreement with the parking lot owners to tow cars away if parked without paying the parking fee.

9. Upon returning to the reference parking lot, Plaintiff found that her vehicle was gone, having been towed by the Defendant PES.

10. Plaintiff located her vehicle at the PES impound lot and had to pay $160 to have the vehicle returned to her, only to discover the front of her vehicle damaged by the PES.

11. Birmingham Ordinance §12-19-74 requires that the towing company provide a receipt at the time the vehicle owner reclaims their towed vehicle. The receipt was required to contain the (a) The name and address of the towing and recovery operator; (b) The address from which the vehicle was towed; (c) The date and time that the vehicle was towed; (d) The date and time that the vehicle entered the facility at which it was placed for storage; (e) An itemized list of all the fees that are being charged; and (f) A signature of an authorized representative of the towing and recovery operator.

12. The Ordinance also provides that in addition to the required receipt, the towing and recovery operator shall provide to the vehicle owner an information sheet or card supplied by the city regarding information about how to file a complaint regarding the towing with the city.

13. PES failed to provide a receipt in strict compliance with Birmingham Ordinance §12-19-74 and further failed to provide Plaintiff an information sheet or card about how to file a complaint with the city.

14. The cost to repair the resulting damage to the front bumper cover and grill of Plaintiff's vehicle is in excess of $1300.00.

15. The tow hook is located on the front Plaintiff's vehicle, in the same area where her vehicle is damaged.

4

16. In addition, due to the negligent and/or wanton towing by the Defendant PES, the vehicle was caused to be misaligned and require a 4-wheel alignment.

17. Plaintiff notified the defendant of the damage to the vehicle, only to have her complaints ignored by PES.

18. Plaintiff reported the damage to the Birmingham Police Department on the same date at about 9:30 P.M.

19.

## COUNT ONE
## NEGLIGENCE

20. Plaintiff adopts the allegations of paragraphs one through 18 above and incorporates the same as if fully set out herein.

21. Defendant 2nd Avenue Parking and fictitious Defendants, knew or should have known that the pay kiosk at the Lot was not working and would not accept payments.

22. Defendant 2nd Avenue Parking and fictitious Defendants, negligently failed to close the lot or otherwise alert the public that the Lot was closed because of the malfunctioning pay kiosk.

23. Defendant 2nd Avenue Parking, its agent PES, and fictitious Defendants, negligently caused damage to Plaintiff's vehicle.

24. Defendant, PES and fictitious Defendants, violated the Birmingham Ordinance when it negligently failed to provide a receipt in strict compliance with Birmingham Ordinance §12-19-74 and further failed to provide Plaintiff an information sheet or card about how to file a complaint with the city.

25. As a direct and proximate result of the negligent actions of the named Defendants, Plaintiff has suffered the following damages:

(a) Plaintiff's new vehicle was damaged by having the grill broken requiring replacement;

(b) Plaintiff has been damaged by having to take time away from school and work to carry her vehicle to the automobile dealership to have the vehicle inspected and receive an estimate for repairs;

(c) Plaintiff has suffered economic damages due to the damages to her new car;

(d) Plaintiff incurred a towing charge of approximately $166;

(e) Plaintiff and having to take time to retrieve her car: together with taking time off school and work, has incurred damages for which she seeks compensation.

WHEREFORE, as a result of Defendants' wrongful conduct Plaintiff claims damages caused by the Defendant and/or fictitious Defendants.

## COUNT TWO
## COUNT THREE RECKLESSNESS AND WANTONNESS

26. Plaintiff adopts the allegations of paragraphs one through 23 above and incorporates the same as if fully set out herein.

27. Defendant 2nd Avenue Parking, PES, and fictitious Defendants knew or should have known that the pay kiosk was malfunctioning.

28. Defendant 2nd Avenue Parking and fictitious Defendants should have either closed the parking lot entirely or posted someone to accept payments but instead left the Lot open for parking.

29. Defendant 2nd Avenue Parking and fictitious Defendants, recklessly and wantonly failed to maintain the pay kiosk and failed to warn the public that the pay kiosk was not working and that parking in the Lot would result in towing.

30. In addition, Defendants 2nd Avenue Parking, its agent PES, and fictitious Defendants, recklessly and wantonly caused damage to Plaintiff's vehicle.

31. Defendant PES and fictitious Defendants, recklessly and wantonly violated the

6

Birmingham Ordinance when it failed to provide a receipt in strict compliance with Birmingham Ordinance §12-19-74 and further failed to provide Plaintiff an information sheet or card about how to file a complaint with the city.

32. As a direct and proximate result of the negligent actions of the named Defendants, Plaintiff has suffered the following damages:

> (a) Plaintiff's new vehicle was damaged by having the grill broken requiring replacement;
>
> (b) Plaintiff has been damaged by having to take time away from school and work to carry her vehicle to the automobile dealership to have the vehicle inspected and receive an estimate for repairs;
>
> (f) Plaintiff has suffered economic damages due to the damages to her new car;
>
> (g) Plaintiff incurred a towing charge of approximately $166;
>
> (h) Plaintiff and having to take time to retrieve her car: together with taking time off school and work, has incurred damages for which she seeks compensation.

WHEREFORE, as a result of Defendants' wrongful conduct Plaintiff claims damages caused by the Defendant and/or fictitious Defendants.

## COUNT THREE
## VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE §8-19-1 et seq.

33. Plaintiff adopts the allegations of paragraphs one through 23 above and incorporates the same as if fully set out herein.

34. Defendant 2nd Avenue Parking and fictitious Defendants. knowingly and willingly allowed its paid parking lot to remain open for parking, despite knowing its kiosks was malfunctioning and would not accept payment.

35. There is a pattern and practice of the malfunctioning of the pay kiosks installed in this

7

particular lot, and also various other public parking lots in the City of Birmingham that are serviced by PES and fictitious Defendants. This includes the pay kiosk not being back lighted to be readable at night.

36. Although the pay kiosk was malfunctioning and customers could not pay for parking, the lot remained open to the public when it should have been closed for business.

37. Birmingham Ordinance §12-19-88 mandates that if a parking lot operated for profit is closed for business the owner shall barricade all entrances to and exits from the parking lot by means of a barrier gate, chain, or other durable barrier equipment.

38. Defendant 2nd Avenue Parking and fictitious Defendants, allows its agent PES to camp out in close proximity to this Parking lot so that it is ready to tow vehicles from the lot for non-payment as soon as a vehicle is parked, even though its impossible to pay due to the malfunctioning pay kiosks.

39. PES and fictitious Defendants practices the same deceptive conduct at other various parking lots, where they have an agreement to tow. PES and fictitious Defendants lays in wait to tow vehicles from a lot when a vehicle fails to pay the parking fee, even though it's impossible to pay due to the malfunctioning pay kiosks.

40. Plaintiff was a victim of the deceptive practices of 2nd Avenue Parking, PES, and fictitious Defendants, and was not allowed to retrieve her vehicle until she paid $160.00 to PES.

41. Birmingham Ordinance §12-19-74 requires that the towing company provide a receipt at the time the vehicle owner reclaims their towed vehicle. The receipt was required to contain the (a) The name and address of the towing and recovery operator; (b) The address from which the vehicle was towed; (c) The date and time that the vehicle was towed; (d) The date and time that the vehicle entered the facility at which it was placed for storage; (e) An itemized list of all the

8

fees that are being charged; and (f) A signature of an authorized representative of the towing and recovery operator.

42. The Ordinance also provides that in addition to the required receipt, the towing and recovery operator shall provide to the vehicle owner an information sheet or card supplied by the city regarding information about how to file a complaint regarding the towing with the city.

43. PES and fictitious Defendants failed to provide a receipt to the Plaintiff in strict compliance with Birmingham Ordinance §12-19-74; failed to provide Plaintiff an information sheet or card about how to file a complaint with the city; and further fails to provide the same to others when they retrieve their vehicles.

44. Said willful conduct by Defendants constitutes a violation of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 et seq.

WHEREFORE, as a result of Defendants' wrongful conduct Plaintiff claims damages caused by the Defendant and/or fictitious Defendants.

## COUNT FOUR
## CONVERSION

45. Plaintiff adopts the allegations of paragraphs one through 43 above and incorporates the same as if fully set out herein.

46. On or about December 23, 2021, Plaintiff parked her Black 2020 Honda Accord 2D Sport vehicle in the Lot located 2215 2nd Avenue North in downtown Birmingham, Alabama around 8:30 P.M.

47. Plaintiff owned and had immediate possession of the Vehicle.

48. The Defendants did not have a present and immediate right of possession of the Vehicle.

49. Without the Plaintiff's consent, the Defendants intentionally deprived the Plaintiff of her rightful possession of the Vehicle.

9

50. At all times relevant hereto, the Defendants acted with malice, recklessness, and total and deliberate disregard for the rights of the Plaintiff.

51. As the proximate result of the conversion, Plaintiff was without use of her vehicle, and further, the vehicle suffered damages while in Defendants' wrongful possession. Plaintiff has suffered the following damages:

   (a) Plaintiff's new vehicle was damaged by having the grill broken requiring replacement;

   (b) Plaintiff has been damaged by having to take time away from school and work to carry her vehicle to the automobile dealership to have the vehicle inspected and receive an estimate for repairs;

   (c) Plaintiff has suffered economic damages due to the damages to her new car;

   (d) Plaintiff incurred a towing charge of approximately $166;

   (e) Plaintiff and having to take time to retrieve her car: together with taking time off school and work, has incurred damages for which she seeks compensation.

WHEREFORE, as a result of Defendants' wrongful conduct Plaintiff claims damages caused by the Defendant and/or fictitious Defendants.

## COUNT FIVE
## PATTERN AND PRACTICE OF OUTRAGEOUS CONDUCT

52. Plaintiff adopts the allegations of paragraphs one through 50 above and incorporates the same as if fully set out herein.

53. The Defendants in this action are part of a joint venture as defined by controlling law.

54. Defendants intentionally and/or recklessly contrived a plan to permit towing from the paid parking lots by failing to maintain the kiosk or pay stations, allowing pay stations to remain inoperable, and failing to close the parking lots when payment could not be made, but instead having them remain open so that PES could tow vehicles.

55. More than 50 vehicles have been towed under the same or similar circumstances alleged by the Plaintiff in a month's period, any many of those are towed within minutes of the owners leaving their vehicles, since PES was trolling the lot.

56. The Defendants conspired to deprive the Plaintiffs of their property for allegedly not paying for parking when in fact the Defendants made it intentionally difficult or impossible for the owners, such as the Plaintiff, to do so.

57. When the owners' try to retrieve their vehicles they are met with unfair and abusive tactics by PES.

58. The actions of the Defendants have been experienced by 100s of vehicle owners, and said actions are both extreme and outrageous, beyond all possible bounds of decency.

59. No reasonable person could be expected to endure these actions, which in fact, negatively impact the desire of patrons to visit downtown Birmingham due to parking concerns caused by the actions of these Defendants.

60. The wrongful actions taken against the Plaintiff shine light on the enormity of the Defendants' wrongful practices and actions that have been ongoing for years in the lots.

WHEREFORE, Plaintiff demands judgment against each of the named Defendants, jointly and severally, as follows: (1) compensatory damages; (2) punitive damages in an amount that will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts; (3) reasonable costs incurred by the Plaintiffs in prosecuting this lawsuit; and (4) such other and further relief as the court may deem just and proper.

/s/ Rhonda Steadman Hood
Rhonda Steadman Hood (HOO024)
HOOD & LAY, L.L.C.
1117 22nd Street South, Ste. 101
Birmingham, AL 35205
(205) 323-4123
(205) 776-2040 fax
**rhonda@whlfirm.com**

A JURY DEMAND IS HEREBY MADE ON ALL TRIAL ISSUES

/s/ Rhonda Steadman Hood

Please serve defendants by certified mail as follows:

Parking Enforcement Systems, Inc.
c/o Christopher Andrew Mayer, registered agent
2011 Oak Lane
Birmingham Alabama 35226

2nd Ave Parking, LLC
c/o TP Sanford
27 Inverness Cntr Pkwy
Birmingham, AL 35242

12