FILED
2025 Sep-05  PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE SPECIALTY INSURANCE CO., Plaintiff | ) ) ) ) | |
| v. | ) ) | Case No.:  2:24-CV-01358-MHH |
| PARKING ENFORCEMENT SYSTEMS, INC. and TERRY WHITE, et al, Defendants. | ) ) ) ) ) | |

**ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

**OF TERRY WHITE, JUSTIN MITCHELL, KIRSTEN MCCORKLE,**

**SHAWNA RAGLAND, AND TIMOTHY RAGLAND**


Comes now the Defendants, Terry White, Justin Mitchell, Kirsten McCorkle, Shawna Ragland, and Timothy Ragland, referred to herein as "Class Defendants" in the above styled case, by and through undersigned counsel, and hereby respond to the allegations set forth in Plaintiff PROGRESSIVE SPECIALTY INSURANCE CO.'s ("Progressive") Complaint, as amended.

Class Defendants are not a party to any policy of insurance between Progressive and Parking Enforcement Systems ("PES"). Class Defendants have no specific knowledge of the actual relationship or purported policy of insurance between

Progressive and PES. The Class Defendants note that Progressive's Complaint states various terms purported to be defined within the policy referenced in Progressive's Complaint, but Class Defendants have no actual knowledge of the policy. For their Answer to Progressive's Complaint, Class Defendants state as follows:

## **ANSWER**

1. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 1.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. This paragraph does not appear to require a response; Class Defendants deny that they have any liability to Progressive.

11. This paragraph does not appear to require a response; Class Defendants deny that they have any liability to Progressive.

12.    Class Defendants admit that they filed a Complaint against PES styled as Terry White v. Parking Enforcement Systems, Inc., et al., as amended, which was filed in the Circuit Court of Jefferson County, Alabama, case number 01-CV-2024-900860. Class Defendants deny that they have any liability to Progressive or that Progressive is entitled to the relief it seeks. Class Defendants further deny the allegations set forth in this paragraph to the extent it attempts to limit or narrow the allegations made in their class action Complaint against PES.

13.    Admitted that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES.

14. Admitted that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES.

15. Admitted that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES.

16.Admitted that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES.

17.Admitted that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES.

18.Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 18.

19. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 19; Class Defendants deny that they have any liability to Progressive.

20. Admitted that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES.

21. Admitted to the extent that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES.

22. Admitted that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES; Class Defendants deny that they have any liability to Progressive.

23. Admitted that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES Class Defendants deny that they have any liability to Progressive.

24. Admitted that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES Class Defendants deny that they have any liability to Progressive.

25. Admitted that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES; Class Defendants deny that they have any liability to Progressive.

26. Admitted that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES.

27. Admitted that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES.

28. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 28.

29. Admitted that Class Defendants seek damages individually and on behalf of a class as set forth in their Complaint against PES; Class Defendants deny that they have any liability to Progressive.

30. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 30.

31. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 31.

32. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 32.

33. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 33.

34. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 34.

35.Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 35.

36.Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 36.

37. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 37.

38.Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 38.

39.Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 39.

40.Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 40.

41.Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 41.

42.Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 42.

43.Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 43.

44.Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 44.

45. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 45.

46. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 46.

47. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 47.

48. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 48.

49. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 49.

50. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 50.

51. Class Defendants lack information or knowledge sufficient to admit or deny the allegations set forth in paragraph 51.

## **PRAYER FOR RELEIF**

Class Defendants deny that Progressive is entitled to any relief sought by Progressive in this matter.

## AFFIRMATIVE DEFENSES

### First Defense

The action should be dismissed as to Class Defendants because the Complaint fails to state a claim against Class Defendants upon which relief can be granted.

### Second Defense

Class Defendants plead the general issue in response to the allegations contained in Plaintiff's Complaint. Class Defendants deny each and every claim and count and demand strict proof thereof.

### Third Defense

Plaintiff's claims are barred because Plaintiff is attempting to invoke the Declaratory Judgment Act to determine facts made the subject of the Jefferson County Circuit Court action.

### Fourth Defense

Plaintiff's claims are barred by the doctrines of laches, non-assumpsit, and accord and satisfaction.

### Fifth Defense

Plaintiff's claims are barred because it is seeking an advisory opinion based on anticipated or hypothetical events.

### Sixth Defense

Plaintiff's claims are barred because it is seeking a Declaratory Judgment that is not based on an actual controversy.

### Seventh Defense

Plaintiff's claims are barred by Plaintiff's failure to do equity.

### Eighth Defense

Plaintiff's claims are barred by the statute of frauds.

### Ninth Defense

Class Defendants are not a party to any contract of insurance between Plaintiff Progressive and Defendant PES and Class Defendants are neither a proper party nor an indispensable party to this action.

### Tenth Defense

Class Defendants plead the affirmative defenses of ratification, modification and novation.

### Eleventh Defense

The Plaintiff has failed to mitigate damages.

### Twelfth Defense

The Plaintiff's claim is barred by release.

### Thirteenth Defense

Plaintiff's alleged damages were proximately caused by superseding or intervening acts or omissions by persons or companies other than Class Defendants for whom Class Defendants are neither responsible nor liable.

### Fourteenth Defense

Class Defendants deny that Plaintiff was damaged or harmed in any way as the result of any conduct or obligation owed by Class Defendants.

### Fifteenth Defense

Class Defendants deny that they violated any duty allegedly owed to Plaintiff.

### Sixteenth Defense

Plaintiff's claims are barred due to duress, misuse and illegality.

### Seventeenth Defense

Plaintiff's claims are barred due to the lack of causal relation and/or connection.

### Eighteenth Defense

The Plaintiff's alleged damages were not the proximate result of any act or omission of Class Defendants.

### Nineteenth Defense

Plaintiff's claims are barred by the equitable doctrines of waiver and estoppel.

### Twentieth Defense

Plaintiff's claims are barred because of improper venue.

### Twenty-First defense

Plaintiff's claims are barred because of insufficiency of process and insufficiency of service of process.

### Twenty-Second defense

Plaintiff's claims are barred because they lack standing.

### Twenty-Third defense

Plaintiff should be barred from bringing this action because it requires an adjudication of the issues made the basis of Class Defendants' pending claims against Plaintiff's insured, Defendant herein, in the case styled as <u>Terry White v. Parking Enforcement Systems, Inc., et al.</u>, which was filed in the Circuit Court of Jefferson County, Alabama, case number 01-CV-2024-900860.

### Twenty-Fourth defense

Plaintiff should be barred from bringing this action because other remedies are available to it.

Class Defendants reserve the right to add any additional affirmative defenses as those defenses are ascertained by Class Defendants.

Respectfully Submitted,

/s/*Thomas C. Donald*
Thomas C. Donald
Michael E. Parrish
Parrish & Donald
231 22nd Street South, Suite 203
Birmingham, AL 35233
Phone: 205 985 2309
Email: cdonald@alabamacarlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 5, 2025, a copy of the foregoing has been filed via the CM/ECF electronic filing system which will provide notice to parties and attorneys of record, including the following:

<u>Attorneys for Progressive Specialty Insurance Company:</u>
Joseph L. Cowan
Mark Hart
Katherine Manning
Hand Arendall
Suite 400
1801 5th Avenue North
Birmingham, Alabama 35203

<u>Attorney for Parking Enforcement Systems, Inc.:</u>
John W Gray
AMARI & GRAY
1 Perimeter Park S, Suite 100N
Birmingham, AL 35243
Telephone: (205) 547-1101
jgray@amariandgray.com

The following will be served by placing a copy of the forgoing in the United States Mail:

Fifth Avenue Holdings, LLC
c/o Capitol Corporate Services Inc.
2 North Jackson St., Ste. 605
Montgomery, AL 36104

Robert L. Crook, Jr.
3760 Montrose Road
Mountain Brook, AL 35213

*/s/ Thomas C. Donald*
Thomas C. Donald
