FILED
2025 Oct-13  PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE SPECIALTY INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO: 2:24-CV-01358-MHH |
| PARKING ENFORCEMENT SYSTEMS INC., ET AL., | ) ) ) ) | |
| Defendants, | ) | |

## FIFTH AVENUE HOLDINGS, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, the Defendant, Fifth Avenue Holdings, LLC (hereinafter "Defendant"), in response to Plaintiff's First Amended Complaint states as follows:

1.     Defendant has insufficient information to admit or deny this averment.

2.     Defendant has insufficient information to admit or deny this averment.

3.     Defendant has insufficient information to admit or deny this averment.

4.     Defendant has insufficient information to admit or deny this averment.

5.     Defendant has insufficient information to admit or deny this averment.

6.     Defendant has insufficient information to admit or deny this averment.

7.     Defendant has insufficient information to admit or deny this averment.

8.     Admitted.

9. Defendant has insufficient information to admit or deny this averment.

10. Defendant has insufficient information to admit or deny this averment.

**JURISDICTION**

11. Defendant pleads this averment is simply a legal conclusion, and no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny this averment.

12. Admitted.

13. Defendant pleads the underlying First Amended Class Complaint is the best evidence of the claims, allegations, and their meaning. Defendant is not required to admit or deny the completeness or accuracy of Progressive's summary of the pleading.

14. Defendant pleads the underlying First Amended Class Complaint is the best evidence of the claims, allegations, and their meaning. Defendant is not required to admit or deny the completeness or accuracy of Progressive's summary of the pleading.

15. Defendant pleads the underlying First Amended Class Complaint is the best evidence of the claims, allegations, and their meaning. Defendant is not required to admit or deny the completeness or accuracy of Progressive's summary of the pleading.

16.     Defendant pleads the underlying First Amended Class Complaint is the best evidence of the claims, allegations, and their meaning. Defendant is not required to admit or deny the completeness or accuracy of Progressive's summary of the pleading and denies all material averments stated against it in any Complaint filed against it by Ragland.

17.     Defendant admits the plaintiffs in the underlying suit allege various defendants violated Birmingham City Ordinances, but Defendant pleads the underlying First Amended Class Complaint is the best evidence of the claims, allegations, and their meaning. Defendant is not required to admit or deny the completeness or accuracy of Progressive's summary of the pleading, or the implied ramifications of that summary on Progressive'

18.     Defendant has insufficient information to admit or deny this averment.

19.     This is a legal conclusion the Defendant is not required to admit or deny, but does admit it is owed defense and indemnity by Progressive.

20.     Defendant pleads the underlying First Amended Class Complaint is the best evidence of the claims, allegations, and their meaning. Defendant is not required to admit or deny the completeness or accuracy of Progressive's summary of the pleading.

21.     Defendant pleads the underlying First Amended Class Complaint is the best evidence of the claims, allegations, and their meaning. Defendant is not required

to admit or deny the completeness or accuracy of Progressive's summary of the pleading.

22. Defendant pleads this averment is simply a legal conclusion, and no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny this averment.

23. Defendant pleads this averment is simply a legal conclusion, and no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny this averment.

24. Defendant pleads this averment is simply a legal conclusion, and no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny this averment.

25. Defendant admits the underlying plaintiffs seek relief through multiple classes of other putative class members extending back to 2018. Defendant pleads the underlying First Amended Class Complaint is the best evidence of the claims, allegations, and their meaning. Defendant is not required to admit or deny the completeness or accuracy of Progressive's summary of the pleading.

26. The Defendant has insufficient information to admit or deny this averment.

27.    Defendant pleads this averment is simply a legal conclusion, and no response is required. To the extent a response is required, Defendant denies it owes any recovery to any class member, collectively or individually.

28.    Defendant has insufficient information to admit or deny this averment.

29.    Defendant pleads this averment is simply a legal conclusion, and no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny this averment.

## COVERAGE ISSUES

30.    The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage, or the exclusions or exceptions.

31.    Defendant has insufficient information to admit or deny this averment.

32.    Defendant has insufficient information to admit or deny this averment.

33.    Defendant admits it is listed as an additional insured under the policy. As to the remainder of the averments, Defendant pleads the terms and conditions of any policy on which Defendant is an additional insured speak for themselves. Defendant further pleads it has demanded defense and indemnity from PES's carriers. (*See* Exhibit A).

34.    The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage, or the exclusions.

35.    Defendant admits the underlying plaintiffs allege many facts against several defendants, which the underlying plaintiffs allege amount to negligence, negligence per se, wantonness, trespass, malicious and willful conversion, and unjust enrichment, entitling them to injunctive and equitable relief. (*See* Doc. 30, Exhibit A). Defendant pleads the terms and conditions of any policy issued by Plaintiff to PES, and on which Defendant is an additional insured, speak for themselves and Defendant denies the facts do not constitute an "accident" within the policy period.

36.    The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage, or the exclusions.

37.    The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage, or the exclusions.

38.     Defendant admits the underlying plaintiffs allege many facts against several defendants, which the underlying plaintiffs allege amount to negligence, negligence per se, wantonness, trespass, malicious and willful conversion, and unjust enrichment, entitling them to injunctive and equitable relief. (*See id.*). Defendant pleads the terms and conditions of any policy issued by Plaintiff to PES, and on which Defendant is an additional insured, speak for themselves and denies exclusion 1 applies to exclude coverage for Defendant.

39.     Defendant admits the underlying plaintiffs allege many facts against several defendants, which the underlying plaintiffs allege amount to negligence, negligence per se, wantonness, trespass, malicious and willful conversion, and unjust enrichment, entitling them to injunctive and equitable relief. (*See id.*). Defendant pleads the terms and conditions of any policy issued by Plaintiff to PES, and on which Defendant is an additional insured, speak for themselves and denies the care, custody or control exclusion applies to exclude coverage.

40.     The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage or the exclusions.

41.     Defendant is not required to admit or deny legal conclusions about what the policy does, or does not, or may, or may not, cover.  To the extent an answer is

required, Defendant denies the averments in the Class Action Complaint(s) are outside coverage or subject to exclusions.

42.   The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage, or the exclusions.

43.   The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage, or the exclusions.

44.   Denied.

45.   The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage, or the exclusions.

46.   The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage, or the exclusions.

47.  The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage, or the exclusions.

48.  The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage, or the exclusions.

49.  The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage, or the exclusions.

50.  The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage, or the exclusions.

51.  The terms and conditions of the insurance policy speak for themselves and Defendant is not required to admit or deny Progressive's summation of the policy, implications as to its meaning, or conclusions about the scope of any allowed coverage, or the exclusions.

Defendant denies the averments contained in the unnamed paragraph following paragraph 51 of the Amended Complaint and, as to the relief requested, further states:

1. Progressive is not entitled to the requested finding or relief;

2. Progressive is not entitled to the requested finding or relief;

3. Progressive is not entitled to the requested finding or relief;

4. Defendant denies Plaintiff is entitled to any relief against it whatsoever and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The Defendant pleads the Complaint fails to state a claim or cause of action against it.

2. The Defendant pleads the failure to join indispensable parties.

3. The Defendant pleads there is no justiciable controversy.

4. The Defendant pleads estoppel, laches, waiver, and unclean hands to avoid waiver.

5. The Defendant pleads Plaintiff lacks a good faith basis to deny coverage based on the terms of the policy and the averments in the relevant pleadings.

6. The Defendant pleads Plaintiff has failed to abide by the insurance contract terms.

7. The Defendant pleads lack of standing.

8. The Defendant pleads lack of venue and lack of jurisdiction.

9. The Defendant pleads Plaintiff has failed timely to disclaim coverage or to timely issue a reservation of rights letter.

10. The Defendant denies all averments against it in the underlying Class Action Complaints and pleads any denial of coverage based on the presumed truthfulness of such averments is improper.

11. The Defendant pleads any denial of coverage at this stage, in this action, is premature as the underlying claims, facts, and allegations are not fully known, discovery is ongoing, and this action therefore does not present a justiciable controversy.

12. The Defendant pleads any ruling in this case will not resolve the underlying litigation and declaratory relief is inappropriate or premature.

13. The Defendant reserves the right to assert any and all additional affirmative defenses as this matter progresses and discovery in both this case and the underlying class actions begins.

Respectfully submitted,


/s/ Neal D. Moore, III
Neal D. Moore, III
E. Claire Epps
*Attorneys for Fifth Avenue Holdings, LLC*

OF COUNSEL:
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama  35203
Telephone:  (205) 795-6588
Facsimile:  (205) 328-7234
ndmoore@csattorneys.com


## CERTIFICATE OF SERVICE

This is to certify that on this the 13th day of October, 2025, a copy of the foregoing document has been served upon counsel for all parties to this proceeding via electronic mail:


J. Mark Hart
Joseph L. Cowan
Katherine Edwards West Manning
HAND ARENDALL HARRISON
SALE, LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama  35203
mhart@handfirm.com
jcowan@handfirm.com
kmanning@handfirm.com
*Attorneys for Plaintiff,*
*Progressive Specialty Insurance*
*Company*

John W. Gray, II
AMARI & GRAY
1 Perimeter Park S
Suite 100n
Birmingham, Alabama  35243
jgray@amariandgray.com
*Attorney for Parking Enforcement*
*Systems, Inc.*

Thomas C. Donald
Michael Parrish
PARISH & DONALD
231 22nd Street South, Suite 203
Birmingham, Alabama  35233
cdonald@alabamacarlaw.com
mparrish@alabamacarlaw.com
*Attorneys for Terry White*


/s/ Neal D. Moore, III
OF COUNSEL